**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4729

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDALL EUGENE HILLIAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. William L. Osteen, District Judge. (CR-04-41)

Submitted: August 4, 2006          Decided: December 19, 2006

Before NIEMEYER and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Robert A.J. Lang, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Eugene Hillian appeals his conviction and 120-month sentence imposed after a jury found him guilty of being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2) (2000). For the reasons stated below, we affirm Hillian's conviction, but vacate his sentence and remand for resentencing.

Hillian claims error in the district court's refusal to instruct the jury on the defense of justification in regard to his possession of a firearm. To establish a justification defense, the defendant must show that: (1) he was under unlawful and present threat of death or serious bodily injury; (2) he did not recklessly place himself in a situation where he could be forced to engage in criminal conduct; (3) he had no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm); and (4) there was a direct causal relationship between the criminal action and the avoidance of the threatened harm. United States v. Perrin, 45 F.3d 869, 873-74 (4th Cir. 1995). We find that Hillian fails to establish all of the requisite elements of this defense.

First, Hillian alleges that based on a heated argument with his father and the fact that his father shot him in 1991, he was "under an unlawful and present threat of death or serious bodily injury." In United States v. Crittendon, 883 F.2d 326, 330 (4th Cir. 1989), this court held that the defendant was not

entitled to an instruction on the justification defense when he obtained a gun for protection after he was shot following death threats eight months earlier. Id. The court held that "generalized fears will not support the defense of justification." Id. Based on a shooting that occurred in 1991 and the district court's specific finding that there was no indication that Hillian's father was going to get his gun at the time of the altercation, we conclude Hillian at best faced only a more generalized fear, not an imminent threat or danger. We therefore find Hillian failed to establish the first prong of the justification defense.

Second, Hillian claims that he had no reasonable legal alternatives, as his choices were to run unarmed from the scene, and risk being shot in the back by his father, or remove the rifle from the house to prevent his father from having access to the gun. As the Supreme Court held in United States v. Bailey, 444 U.S. 394, 410 (1980), "if there was a reasonable, legal alternative to violating the law, 'a chance both to refuse to do the criminal act and also to avoid the threatened harm' the defense[] will fail." We find Hillian failed to avail himself of several reasonable alternatives to the actions taken and conclude the district court did not err when it declined to give a jury instruction on the justification defense.

Hillian further contends that, based on <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the four-level enhancement applied to his sentence, pursuant to <u>U.S. Sentencing Guidelines Manual</u> ("USSG") § 2K2.1(b)(5) (2003) for possessing a firearm in connection with the felony offense of "Assault with a Deadly Weapon with Intent to Kill," is unconstitutional because it was not charged in the indictment or admitted to by Hillian.* Nevertheless, a Sixth Amendment error occurs when the district court imposes a sentence greater than the maximum permitted based on facts found by a jury or admitted by the defendant. <u>United States v. Booker</u>, 543 U.S. 220, 244 (2005).

To ascertain whether the defendant's sentence violated his Sixth Amendment rights post-<u>Booker</u>, this court employs the defendant's "guideline range based on the facts he admitted before adjusting that range for acceptance of responsibility." <u>United States v. Evans</u>, 416 F.3d 298, 300 n.4 (4th Cir. 2005). Hillian's unenhanced base offense level was twenty-four. Applying criminal history category VI, Hillian's sentencing range would be 100 to 125 months' imprisonment. <u>See</u> USSG Ch. 5, Pt. A. As Hillian's

---

*Because Hillian objected at sentencing based on <u>Blakely</u>, Hillian preserved the constitutional issue. <u>See</u> <u>United States v. Rodriguez</u>, 433 F.3d 411, 415 (4th Cir. 2006). In addition, we reject the Government's argument that there were was no error as to the calculation of Hillian's offense level, based on his assent to the accuracy of the presentence report. In <u>United States v. Milam</u>, 443 F.3d 382 (4th Cir. 2006), this court held that a failure to object to the presentence report does not constitute an admission of facts set forth in the report for the purposes of <u>Booker</u>.

sentence does not exceed the maximum sentence authorized by the facts he admitted, there is no Sixth Amendment violation.

Hillian also challenges the use of prior convictions used to calculate a criminal history category of VI. The fact of a prior conviction need not be proven beyond a reasonable doubt. Almendarez-Torres v. United States, 523 U.S. 224, 233-36, 243-44 (1998); United States v. Cheek, 415 F.3d 349, 351-54 (4th Cir.) (reaffirming continuing validity of Almendarez-Torres after Booker), cert. denied, 126 S. Ct. 640 (2005). Thus, the district court was not required to make any factual findings concerning Hillian's prior record or his status at the time of the instant offenses, but could rely on "the conclusive significance" of his record, see Shepard v. United States, 544 U.S. 13, 25 (2005), as set out in the presentence report. See United States v. Thompson, 421 F.3d 278, 285 (4th Cir. 2005) (sentencing judge entitled to rely on undisputed information in presentence report that "bears the earmarks of derivation from Shepard-approved sources such as the indictments and state-court judgments from [defendant's] prior convictions"), cert. denied, 126 S. Ct. 1463 (2006). We find that the district court did not violate Hillian's Sixth Amendment rights when it considered his legal status and prior convictions in determining his sentence.

Finally, Hillian contends that the district court erred when it treated the guidelines as mandatory, in violation of

- 5 -

Booker. Because Hillian preserved this issue by objecting to the presentence report on Blakely grounds, this court reviews for harmless error. Rodriquez, 433 F.3d at 415. Under the harmless error standard, this court "must reverse unless [it] find[s] this constitutional error harmless beyond a reasonable doubt, with the Government bearing the burden of proving harmlessness." United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003) (citations omitted); see United States v. White, 405 F.3d 208, 223 (4th Cir.) (discussing difference in burden of proving that error affected substantial rights under harmless error standard in Fed. R. App. P. 52(a), and plain error standard in Fed. R. App. P. 52(b)), cert. denied, 126 S. Ct. 668 (2005).

The district court imposed a sentence of 120 months' imprisonment. The district court did not impose an alternate sentence, nor did it announce what sentence it would have imposed if the guidelines were treated as advisory. Thus, the district court's application of the sentencing guidelines as mandatory was error; the Government concedes statutory Booker error occurred and that resentencing is appropriate.

Accordingly, we affirm Hillian's conviction, but vacate his sentence and remand for resentencing consistent with Booker. We further dismiss Hillian's pro se motion to remand as moot. We dispense with oral argument because the facts and legal contentions

are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED IN PART</u>;
<u>VACATED AND REMANDED IN PART</u>