**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 07-4453**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RANDALL EUGENE HILLIAN,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.  William L. Osteen, Senior District Judge.  (1:04-cr-00041-WLO)

---

Submitted:  January 9, 2008          Decided:  January 24, 2008

---

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Ames C. Chamberlin, THE LAW OFFICES OF AMES C. CHAMBERLIN, PLLC, Greensboro, North Carolina, for Appellant.  Robert Albert Jamison Lang, OFFICE OF THE UNITED STATES ATTORNEY, Winston-Salem, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randall Eugene Hillian appeals his sentence imposed following this court's remand for resentencing. See United States v. Hillian, 210 F. App'x 251 (4th Cir. 2006) (unpublished). Finding no error, we affirm.

On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious grounds for appeal, but questioning whether the sentence is reasonable. In his pro se supplemental brief, Hillian joins his counsel in arguing that the sentence is unreasonable. Hillian additionally contends that 18 U.S.C. § 3553(a) (2000), as applied to him, is unconstitutional. The Government elected not to file a responding brief.

Initially, Hillian contends that his sentence is unreasonable. However, the district court appropriately treated the Sentencing Guidelines as advisory, properly calculated and considered the advisory guideline range, and weighed the relevant 18 U.S.C. § 3553(a) factors. See United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). As Hillian's applicable advisory guideline range of 120 to 150 months was greater than the statutory maximum of 120 months' imprisonment, see 18 U.S.C. § 924(a)(2) (2000), the court properly determined that the statutory maximum was the advisory guideline sentence. See U.S. Sentencing Guidelines Manual § 5G1.1(c)(1) (2003). Thus, Hillian's 120-month

sentence is presumptively reasonable.  See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007) (approving presumption of reasonableness accorded sentences within properly calculated guideline range).

Hillian additionally contends that § 3553(a), as applied to him, is unconstitutional.  He argues that "[t]his must be so, because the factors lead to nothing more than a guideline sentence."  However, the mere fact that Hillian received the advisory guideline sentence does not render § 3553(a) unconstitutional.  Rather, it reflects that the district court found the Sentencing Commission's view of the appropriate application of § 3553(a) factors suitable.  Therefore, we discern no basis in the record to conclude that the presumption of reasonableness has been overcome.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal.  Accordingly, we affirm Hillian's sentence.  This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review.  If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof

was served on the client.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED